XIN XI GUO, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.

No. 07–4365–ag.

United States Court of Appeals, Second Circuit.

April 25, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Bruno Joseph Bembi, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Jessica E. Sherman, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler

## SUMMARY ORDER

Petitioner Xin Xi Guo, a native and citizen of the People's Republic of China, seeks review of the September 20, 2007 order of the BIA denying his motion to reopen. *In re Xin Xi Guo,* No. A72 778 583 (B.I.A. Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)); *see also INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

Here, we find that the BIA did not abuse its discretion in denying Guo's motion to reopen as untimely. As the BIA noted, its prior decision was issued in April 1996, but Guo did not file his motion until March 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Guo's motion did not qualify for an exception to the time limitation. *See id.* It is well settled that the birth of U.S. citizen children is not evidence of changed conditions

as a respondent in this case.

in China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) ("[I]t would be ironic, indeed, if petitioners like Wang, who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme."); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).

Furthermore, the BIA did not abuse its discretion in concluding that Guo failed to provide sufficient evidence to support his allegation that conditions in China have materially changed.[2] We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China. *See, e.g., Wei Guang Wang,* 437 F.3d at 275 (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Because the BIA's finding that Guo failed to provide evidence of a material change in conditions in China is dispositive of his motion to

reopen, moreover, it is unnecessary for this Court to review the BIA's finding that, "if proceedings were reopened, [Guo] would [not] have a realistic chance of success on the merits of his application."

For the foregoing reasons, the petition for review is DENIED.

---

2. In contrast to *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), there is no indication that the BIA failed to consider the documents Guo submitted in support of his motion to reopen. The BIA was not required to parse and expressly refute each piece of evidence Guo offered. *See Xiao Ji Chen v.* *U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

